**BOYER'S, INC., Appellant,**

v.

**UNITED STATES of America.**

No. 12798.

United States Court of Appeals
Third Circuit.

Argued March 6, 1959.

Decided April 7, 1959.

William W. Scott, Jr., Pittsburgh, Pa. (Thorp, Reed & Armstrong, Pittsburgh, Pa., on the brief), for appellant.

S. Dee Hanson, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., Hubert I. Teitelbaum, U. S. Atty., Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This is a suit to recover taxes paid on contributions to an employees' profit-sharing plan set up by the taxpayer. The District Court decided against him, E.D.Pa.1958, 163 F.Supp. 225, and he seeks our help.

The facts are uncomplicated and undisputed. There is only one point of law and it is as neat as a point of common law pleading before the Hilary rules.

The taxpayer set up his profit-sharing plan for employees under a trust agreement entered into December 27, 1945. The plan became effective in 1946. Under it the plaintiff was required and did make annual irrevocable contributions to the trust in an amount equal to 50 per cent of his net income. The taxpayer secured a ruling from the Commissioner to the effect that the plan and the trust met the requirements of Section 165(a) of the Internal Revenue Code of 1939.[1] In 1948 the plan was terminated and the trust corpus distributed to the employees entitled to it.[2]

Now comes the problem. The payments which Royer's made to the trust during its existence exceeded the maximum amount which could have been deducted in those years under the formula stated in Section 23(p) (1) (C).[3]

---

1. Int.Rev.Code of 1939, § 165(a), as amended, ch. 619, § 162(a), 56 Stat. 862–63 (1942), 26 U.S.C. § 165(a).

   Payments by an employer into a trust pursuant to a profit-sharing plan qualified under Section 165(a) were deductible by the employer in accordance with the terms of Section 23(p) (1) (C). See note 3, infra. Generally, the requirements for qualification were designed to approve only those trusts exclusively for the benefit of the employees.

2. The taxable year of the termination of the trust was 1949. Taxpayer was on a fiscal year basis.

3. Since this section of the statute was the foundation of the lawsuit it is set out herewith, with some deletions.

   "Sec. 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

   \* \* \* \* \*

   "(p) Contributions of an employer to an employees' trust or annuity plan and compensation under a deferred-payment plan.

   "(1) General rule. If contributions are paid by an employer to or under a \* \* \* profit-sharing \* \* \* plan \* \* \* such contributions or com-

This same section provided that the excess over the amount deductible in any one year "shall be deductible in the succeeding taxable years in order of time * * *" What the taxpayer asks for is to deduct the permitted percentage for the taxable year 1950, the taxable year after the trust had terminated.[4] This was what both the Commissioner and the District Court told him he could not do.

The hurdle which was set up for him and which it was denied that he could jump over is a regulation issued in 1948.[5] This regulation provided that for contributions of the type in question to be carried over to succeeding taxable years, the succeeding year must end within a taxable year of the trust for which it is exempt under Section 165(a).

The taxpayer agrees that if this regulation is effective he must lose, for the deduction he seeks is for the year after his trust terminated.

But he says, to get over the hurdle, that the regulation has no business there. He says that the statute is perfectly clear as it stands and that what the regulation does is to add an additional requirement. A regulation is for the interpretation and application of a statute, he urges, but it cannot add to requirements which the Congress has imposed

or take away rights or privileges which the Congress has given.

■■■■ We do not need to waste good printer's ink in acknowledging that only such exemptions and deductions as the statute provides may be had by the taxpayer; nor do we need lines of print to make our bow to the effectiveness of regulations established by experts to interpret a statute; and the extra force to be given to those contemporaneous with its passage and unaffected by subsequent legislation. This regulation can hardly get in the class of those contemporaneously made because it was not written until six years after the statute was passed.

The taxpayer explains to us his theory on which the regulation was founded. He says that it was promulgated under the mistaken belief that the Internal Revenue Code in 1948 contained a provision identical with the regulation. This, says he, is the way it came about. The 1939 Code was amended by the Revenue Act of 1942. Prior to the amendment this Section 23(p), dealing with the deductibility of employer contributions, had a provision numbered (3) which said:

"(3) Exemption of trusts under section 165. The provisions of para-

pensation * * * shall be deductible * * * under this subsection but only to the following extent:

* * * * *

"(C) In the taxable year when paid, if the contributions are paid into a * * * profit-sharing trust, and if such taxable year ends within or with a taxable year of the trust with respect to which the trust is exempt under section 165(a), in an amount not in excess of 15 per centum of the compensation otherwise paid or accrued during the taxable year to all employees under the * * * profit-sharing plan. * * * In addition, any amount paid into the trust in a taxable year beginning after December 31, 1941, in excess of the amount allowable with respect to such year under the preceding provisions of this subparagraph shall be deductible in the succeeding taxable years in order of time, but the amount so deductible under this sentence in any one such succeeding taxable year together with the amount allowable under

the first sentence of this subparagraph shall not exceed 15 per centum of the compensation otherwise paid or accrued during such taxable year to the beneficiaries under the plan. * * *" 26 U.S.C. § 23(p) (1) (C).

**4.** After termination of the trust, the Commissioner advised the plaintiff by letter that the prior qualified status of the plan and trust were not adversely affected by the termination.

**5.** Treas.Reg. 111, § 29.23(p)–10, as amended, T.D. No. 5666, 1948–2 Cum.Bull. 44. The pertinent portion of the regulation is as follows:
"* * * In order that contributions carried over may be deducted in a succeeding taxable year of the employer in accordance with the third sentence of section 23(p) (1) (C), the succeeding year must end with or within a taxable year of the trust for which it is exempt under section 165(a)."

graphs (1) and (2) of this subsection shall be subject to the qualification that the deduction under either paragraph shall be allowable only with respect to a taxable year (whether the year of the transfer or payment or a subsequent year) of the employer ending within or with a taxable year of the trust with respect to which the trust is exempt from tax under section 165."

When one reads over this provision two or three times he reaches the conclusion that if it were the law the regulation here challenged would be valid. The last two or three lines of the paragraph would support such a conclusion. But, says the taxpayer, when this statute was amended in 1942 [6] this paragraph which was in the House bill [7] was eliminated by the Senate [8] and the conference agreed to the elimination.[9]

Here is where the trouble comes. The compilers of the United States Code, 1946 Edition (and, of course, United States Code Annotated), printed the excised paragraph three as part of the statute.[10]

■ We do not know what source of United States laws is used in the Commissioner's office but we would be surprised if they were not the same as that commonly used by a judge, namely, United States Code or United States Code Annotated. The mistake, therefore, is perfectly natural. But no one denies that the official source to find United States laws is the Statutes at Large and that the Code is only prima facie evidence of such laws.[11] A check of the United States Code for 1946 and the Statutes at Large shows the statement of the taxpayer to be correct on this matter.

Now the regulation which came in 1948 was enacted following the 1946 edition. Again, we cannot be sure whether the Commissioner's lawyer who drew the regulation had the Statutes at Large or the Code before him. But if he works as the rest of us do, he had the Code. If he had the Code he undoubtedly thought that last paragraph was still the law and there was no reason why he should not think so.

■ The Government meets the taxpayer's argument by ignoring it. But we cannot. It seems quite clear to us that the regulation when looked at in the light of the statute, as the statute stands after the 1942 amendment, does, as the taxpayer says, add an additional requirement which Congress did not put there.[12] The regulation is, therefore, necessarily invalid.

6. Int.Rev.Code of 1939, § 23(p), as amended, ch. 619, §§ 162(b), 162(d), 56 Stat. 863–67 (1942), as amended.

7. Pages 116–117 of H.R. 7378, 77th Cong., 2d Sess., passed by the House of Representatives July 20, 1942.

8. Page 193 of H.R. 7378, 77th Cong., 2d Sess., passed by the Senate October 10 (legislative day, October 5), 1942.

9. H.R.Rep. No. 2586, 77th Cong., 2d Sess. 90–91 (1942). See note 6, supra.

10. 26 U.S.C. § 23(p) (3) (1946) at page 2535. The 1945 Supplement to the 1940 edition of the United States Code did not contain the disputed paragraph. 26 U.S.C. § 23(p) (Supp. V, 1946) at page 421. No statute enacted in the interim between passage of the Revenue Act of 1942 and the compilation of the United States Code, 1946 Edition, added subsection "(3)" to section 23(p).

11. 1 U.S.C. § 204(a) (1952). See Nashville Milk Co. v. Carnation Co., 7 Cir., 1956, 238 F.2d 86, 89, affirmed 1958, 355 U.S. 373, 379, 380, 78 S.Ct. 352, 2 L.Ed. 2d 340; Vance v. Safeway Stores, Inc., 10 Cir., 1956, 239 F.2d 144, 145, reversed on other grounds, 1958, 355 U.S. 389, 78 S.Ct. 358, 2 L.Ed.2d 350.

12. The Government contends that Section 23(p) (1) (C) alone supports the regulation. It finds comfort in the sentence dealing with carry-overs of excess contributions. (See the last sentence of the section, quoted in note 3 supra.) Its argument is essentially as follows: (1) that under this provision there is a limitation on the amount that can be carried over to a certain percentage of the payments to beneficiaries (employees) under the plan; (2) that since the trust had terminated, there was no plan and, hence, there could be no payments to

The judgment of the district court will be reversed and the case remanded for further proceedings consistent with this opinion.

"beneficiaries under the plan;" (3) therefore, the taxpayer cannot comply with the limitation requirements, and the deduction is improper.

This argument is erroneous. The percentage limitation on the carry-over deduction is based on the compensation "otherwise paid" (i. e., paid apart from a plan) to the "beneficiaries under the plan." The words "beneficiaries under the plan" are merely to identify the employees to whom compensation is "otherwise paid." Even though the trust had terminated, the "beneficiaries under the plan" can, as a practical matter, be identified in the taxable year in which the carry-over deduction is claimed. By taking 15 per cent of the amount of compensation (in its most simple form, wages) paid to the identified employees during the taxable year in question, the maximum deduction is arrived at arithmetically. This is all the statute means.