Charles W. Jamieson v. Commissioner.
Jamieson v. Commissioner
Docket No. 4426-62.
United States Tax Court
T.C. Memo 1964-337; 1964 Tax Ct. Memo LEXIS 27; 23 T.C.M. (CCH) 2091; T.C.M. (RIA) 640337; November 30, 1964
*27 During 1960, petitioner's wife was employed and she had gross income. She filed a separate return for the calendar year 1960. Petitioner filed a separate return for the calendar year 1960. Held: (1) The question must be determined under the provisions of sections 151(b) and (e), and 152(a)(9) of the 1954 Internal Revenue Code. (2) Section 151(b) specifically precludes allowing petitioner an exemption deduction of $600 for his wife because she had gross income in 1960. (3) Petitioner is not entitled under section 151(e) to an exemption deduction for his wife as a dependent because section 152(a)(9) excludes from the definition of "dependent" an individual who was the spouse of the taxpayer at any time during his taxable year. Charles W. Jamieson, pro se, Chicago Title & Trust Co., Chicago, Ill. Allan B. Muchin, for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: For the calendar year 1960, the respondent determined an income tax deficiency of $154.83. The main issue is whether the petitioner is entitled to a deduction of $600 as an exemption on account of his wife under section 151 or 152, 1954 Code, as amended. Findings of Fact Petitioner filed his return with the district director of internal revenue at Chicago. Petitioner and his wife, Louise F. Jamieson, resided together in their home in Chicago, throughout 1960. Petitioner maintained the home as the household where he and his wife lived. He paid a substantial part and more than half of the household and living expenses of himself and his wife; and he paid other expenses including those for life insurance. Petitioner is a retired lawyer. Before his retirement, he was employed by a title *31 and trust company. During 1960, he was gainfully employed in part-time employment. In 1960, petitioner was 75 years old, and his wife was 61. For 1960, petitioner filed a separate income tax return, Form 1040. In his return, petitioner stated that his wife had a social security number; that her occupation was "Bookkeeper"; and that she was filing a separate return for 1960. On his return, petitioner deducted $600 as a personal exemption for his wife (line 1, page 1; line 4, page 2). He also deducted $1,200 for 2 exemptions for himself; the regular personal exemption of $600, plus the old-age exemption of $600 allowed an individual who is 65 or over. During 1960, petitioner's wife was employed as a bookkeeper, she had gross income, and she filed a separate return for that year. Her return was audited by the respondent. In Schedule D of his return, petitioner reported long-term capital gain from the sale of shares of stock in the amount of $489.45, 50 percent of which, $244.73, is includible in his taxable income. Petitioner, on his return, incorrectly computed the amount of 50 percent of the long-term capital gain as $122.37, instead of $244.73, and thereby failed to include *32 the difference of $122.36. Respondent included $122.36 in taxable income. This adjustment is correct. Respondent allowed petitioner itemized deductions of $212.53. This adjustment was made correctly by the respondent. Respondent disallowed the deduction of $600 taken as an exemption for petitioner's wife. Under the provisions of sections 151 and 152, 1954 Code, petitioner is not entitled to a deduction of $600 as an exemption on account of his wife because she had gross income in 1960; and he is not entitled to such deduction for his wife as an exemption for a dependent because she is his spouse and as such she is specifically excluded from the categories of dependents enumerated in section 152(a). Respondent mailed the statutory notice of deficiency (90-day letter) to petitioner on August 16, 1962. It relates only to the taxable year 1960. This Court does not have jurisdiction over petitioner's taxable years 1961 and 1962. Opinion The main issue involves the claimed deduction of $600 as an exemption of petitioner for his wife, as such, or as a dependent. In his brief, petitioner's claim is based largely upon the proposition that his wife is his dependent. Petitioner's *33 contentions, which are unusual, present a basic question, namely, which statutory provisions are the determinative and controlling ones. In view of the earnestness with which petitioner has argued his case (for which he deserves commendation), it is a matter of consideration for his serious approach to his problem, to put into focus [1] the ultimate question to be decided by pointing out some basic principles. Petitioner has presented arguments worthy of presentation to the Congress. Unfortunately, it is beyond the scope of this Court's jurisdiction to act favorably on them. This Court does not have any powers of equity; it can not indulge in any type of judicial legislation; and it is obliged to apply the applicable statutory provisions according to their particular specifications and conditions. It may be observed, also, that it appears that the petitioner has found a good deal of misdirection in his research rather than the correct guidance. *34 Preliminary Matters 1. The Internal Revenue Code of 1954, as amended, applies to the calendar year 1960. Its provisions supersede the provisions of the Internal Revenue Code of 1939, as amended. See section 7851(a)(1), 1954 Code. Therefore, in considering the chief issue here, no consideration can be given to section 25(b)(1)(A) and (D), and (b)(3) of the 1939 Code, as amended, or to any regulations of the Commissioner under such statutory provisions. Petitioner's efforts to establish the intent of the Congress, the legislative intent, under the 1954 Code, with respect to a deduction for the personal exemption allowed to a taxpayer with respect to his spouse, and for a dependent, by referring to provisions dealing with such exemptions in the early revenue acts and the 1939 Code are misdirected and are not helpful. For example, section 25(b) of the 1939 Code, cited by petitioner, is wholly inapplicable, as petitioner doubtless knows, and the provisions thereof do not evidence any intent of the Congress in enacting sections 151 and 152 of the 1954 Code. Historically, a review of the provisions dealing with personal exemptions in early revenue acts and the 1939 Code serve no purpose *35 in the consideration of this case, and does no more than to show that the Congress made some changes in such provisions during the course of each enactment of a new statute. The only relevant legislative intent is that which is to be found in connection with the enactment of the 1954 Code and the subsequent, material amendments, such as the enactment of sections 1 and 4 of the Technical Amendments Act of 1958, which amended section 152(a)(9) of the 1954 Code. 2. The only statutory provisions which apply to the main issue are the following sections of the 1954 Code, as amended; sections 151(a), (b), and (e); and section 152(a)(9). The only pertinent regulations of the respondent are sections 1.151-1 and 1.152-1(b) of the Income Tax Regulations.
3. Sections 151(a), (b), and (e), and 152(a)(9), 1954 Code, are clearly worded, the meaning is clear in each instance, and none of the provisions is ambiguous. Therefore, there is no need to resort to evidence of legislative intent about the meaning of these statutory provisions as they apply to the year 1960. The issue here is not one where the applicable Code provisions must be construed or interpreted, and it *36 is not one in the determination of which "doubts" are to be resolved in the favor of one or the other party, or a "liberal" construction should or can be made. The issue to be decided is not one of substance as opposed to form, or one where "practical" considerations are determinative. Petitioner unfortunately has erred in regarding the issue to be decided as one which requires consideration of legislative intent and statutory construction. For example: Whether or not petitioner is the head of his family and household in the ordinary meaning is immaterial in considering the issue. Section 1(b)(2) of the 1954 Code defines "head of household" for income tax purposes as an individual who is not married or is not a surviving spouse at the end of the taxable year. The 1939 Code, section 25(b)(1), as amended by section 131(a) of the Revenue Act of 1942, used to allow a personal exemption of $1,200 to the "head of a family", but this particular exemption was completely abolished in 1944 (section 10 of the Individual Tax Act of 1944), and was not restored in the 1954 Code. See 5 Mertens, Law of Federal Income Taxation, Ch. 32, p. 34-35, section 32.13. Also, section 23(a)(1)(A) of the 1939 *37 Code and the corresponding section in the 1954 Code, section 162, Trade or Business Expenses, are wholly irrelevant here, and do not contribute anything about the meaning of sections 151 and 152 of the 1954 Code or the application thereof to this case. Petitioner's attempts to establish a legal basis for his claim by attempting to show a legislative intent which supports his views, and by his statements about economic philosophy and tax policies are irrelevant, immaterial, and futile. The Claimed Exemption Deduction The question is controlled by the provisions of sections 151 and 152, as amended, of the 1954 Code. The pertinent provisions are set forth below. [2]
*38 It is a general principle of Federal tax law that "deductions are a matter of legislative grace." They are privileges, granted by the Congress. The allowance of a deduction from gross income does not turn on general equitable considerations, and will be allowed only where clearly provided for under the statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440; Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593. The taxpayer has the burden of justifying the allowance of any deduction claimed. Deputy v. DuPont, 308 U.S. 488, 493. "[Only] such exemptions and deductions as the statute provides may be had by the taxpayer", Royer's, Inc. v. United States, 265 F. 2d 615, 617. "[The] taxpayer has no right under the Sixteenth Amendment or the Code to deduct any amount from gross income except to the extent that the Code clearly allows such a deduction." 4 Mertens, Law of Federal Income Taxation, sec. 25.03, p. 9. The question in this case must be decided in conformity with the above. Section 151(b) is clearly worded. It provides that if a separate return is made by the taxpayer, "an additional exemption of $600 for the *39 spouse of the taxpayer" shall be allowed as a deduction in computing taxable income only upon specified conditions, one of which is that the spouse (here petitioner's wife) has no gross income for the calendar year in which the taxable year of the taxpayer begins. It is a fact question whether petitioner's wife did not have any gross income in 1960, under which petitioner had the burden of proof. Respondent's determination means that he determined that Louise did have gross income. His determination is presumed to be correct and petitioner had the burden of proving it to be wrong. Welch v. Helvering, 290 U.S. 111. Although petitioner's general position is that such matters are his wife's personal affairs, his testimony shows that he knows that his wife was gainfully employed during 1960 and that she filed her separate income tax return. The record shows that the respondent audited her return. The finding is made that petitioner's wife had gross income in 1960, his taxable year. Section 151(a) relates in general to the allowance of a deduction for an exemption in the case of an individual; and section 151(b) allows an exemption of $600 for the taxpayer. Petitioner's *40 wife, filing a separate return, was an individual taxpayer. If a husband and a wife file separate returns, each must take his or her own exemption on his or her own return. If a husband and wife file a joint return, the 2 basic "personal" exemptions $600of each are allowable deductions on the joint return since each is regarded as a taxpayer. If, however, a husband or wife files a separate return, the 2 basic "personal" exemptions of $600 each can be taken on that separate return only if the other spouse does not have any gross income and is not the dependent of another taxpayer. Section 151(b) does not allow a taxpayer-husband a deduction for the $600 "personal" exemption of his wife on his separate return, in addition to his own $600 exemption, where his wife had any gross income during the husband's taxable year. Since a deduction may be taken by a taxpayer only if the statute allows the deduction, and since section 151(b) does not allow the deduction claimed by petitioner on account of his wife, the claimed deduction of $600 as exemption for petitioner's wife must be denied. Petitioner's alternative contention (and now his chief one) is that his wife was his dependent and for *41 that reason he is entitled to a dependency exemption $600of. Again, the claimed deduction can be allowed only if some provision of the 1954 Code so provides. New Colonial Ice Co. v. Helvering, supra; Deputy v. Du Pont, supra. The only applicable provision of the Code is section 151(e). It provides that an individual shall be allowed a deduction of $600, as an exemption, for each dependent, but only for such dependents as are defined in section 152. Section 152(a) defines the term "dependent" to mean "any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." Paragraph 9 of that section is the only category of the defined classes of dependents which might apply under the petitioner's contention. It relates to a dependent, as defined in section 152(a), who is an individual who, for the taxable year of the taxpayer, has as his or her principal place of abode the home of the taxpayer and is a member of the taxpayer's household. However, section 152(a)(9) specifically excludes from the definition of the term dependent an individual who at any time during the taxable *42 year was the spouse of the taxpayer (determined without regard to section 153). Since section 152(a) does not include a taxpayer's spouse within the definition of dependent, a deduction of $600 for petitioner's wife is by statute not allowed and is not allowable under section 151(e), which makes a deduction for a dependent contingent upon the definition of the term dependent in section 152(a). The clear wording of sections 151(e) and 152(a)(9), which must be read together, is that the taxpayer's spouse is not treated as his dependent for the purpose of section 151(e); i.e., for the tax purpose of a deduction of an exemption of $600 for a dependent. The above is the clear statutory provision, irrespective of whether the taxpayer furnished over half of the support of his or her spouse, and whether the spouse was a member of the taxpayer's household and had his or her principle place of abode in the home of the taxpayer, and whether the spouse filed a separate return and had any gross income. Section 152(a)(9), as amended, is the controlling statutory provision; it applies to the taxable year 1960. Section 152(a)(9) was amended by sections 1 and 4 of the Technical Amendments Act *43 of 1958 by inserting in paragraph 9 the clause in parenthesis which excludes the spouse of the taxpayer. Thus, the Congress took out of the definition of dependent precisely the individual who petitioner alleges is included therein (but is not). As originally enacted in the 1954 Code (approved August 16, 1954), paragraph 9 of section 152(a) was as follows: (9) An individual who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, Perhaps petitioner has had the misfortune of referring to the above statutory provision as it stood prior to the amendment by the 1958 Act, supra. But it is paragraph (9) as amended which applies to 1960 and is determinative of the question. Petitioner's arguments about what he thinks the Congress intended in sections 151(e) and 152(a)(9), and about allegedly, traditional views that a man's wife is his dependent, and about his status and burdens as the head of the family and household are irrelevant and of no avail whatsoever. Although the evidence is not wholly clear on the point of whether he furnished over half of his wife's support in 1960, this matter is *44 resolved in his favor and the finding is made that he did; but that finding is not helpful to petitioner. Petitioner is mistaken in arguing that other provisions of the 1954 Code, or of the 1939 Code, or of earlier revenue acts are helpful or relevant; and he errs in his view that the provisions of sections 151(e) and 152(a)(9) require any special interpretation or clarification by resorting to some overall legislative intent. Respondent's supplemental reply brief fully and adequately explains the reasons why petitioner cannot prevail in his claim for a dependency deduction for his wife. Section 152(a) provides the definition of a dependent for the purposes of a deduction under section 151(e) and limits the definition to certain specific categories and conditions. The statutory definition specifically excludes the spouse of the taxpayer. No other definition of a dependent can be added by this Court to what section 152(a) clearly provides. Only the Congress can enlarge that definition. Petitioner's only recourse is to the Congress. None of the cases and authorities cited by petitioner is helpful to him. All have been considered. Respondent's disallowance of a deduction of $600 *45 as an exemption for petitioner's wife, either as such or as a dependent, is sustained. Petitioner did not attempt to prove, under his burden of proof, that 2 other determinations of the respondent were incorrect, i.e., the correction of the taxable amount of the item of long-term capital gain, and the allowance of itemized deductions of $212.53. Moreover, these adjustments are correct and are approved. This Court's jurisdiction over causes is by statute derived from (1) the Commissioner's final determination of a deficiency, and (2) his sending a statutory notice of deficiency (90-day letter) to the taxpayer. Section 6213, 1954 Code. The jurisdiction of this Court in a particular case is limited to the year, or years, for which the deficiency notice is issued. The deficiency notice which resulted in this proceeding relates only to the year 1960. This Court does not have jurisdiction over petitioner's taxable years 1961 and 1962. Decision will be entered for the respondent. Footnotes
1. This Court is sympathetic with and not critical of petitioner's endeavor to deal with the complexities of certain principles of Federal tax law, and to reconcile particular provisions of the 1954 Internal Revenue Code↩ with the underlying economic philosophy which is not reflected as fully by those provisions as might be desired.
2. Sec. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. (b) Taxpayer and Spouse. - An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer. * * *
Sec. 152. DEPENDENT DEFINED. (a) General Definition. - For the purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *; * * *
(9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household,↩