CHARLES W. JAMIESON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jamieson v. Commissioner
Docket No. 252-71.
United States Tax Court
T.C. Memo 1974-215; 1974 Tax Ct. Memo LEXIS 105; 33 T.C.M. (CCH) 964; T.C.M. (RIA) 74215; August 21, 1974, Filed. *105 Petitioner and his wife filed separate income tax returns for 1968. Petitioner itemized his deductions, claiming a deduction for a theft loss. Held, petitioner did not sustain a deductible theft loss in 1968 under sec. 165, I.R.C. 1954. Held, further, petitioner's itemized deductions for 1968 did not exceed the standard deduction allowed by sec. 141, I.R.C. 1954. Held, further, petitioner cannot claim an exemption for his wife under sec. 151, I.R.C. 1954. Charles W. Jamieson, pro se. Carlton E. Knechtel, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1968 in the amount of $278.98. The issues are: (1) Whether petitioner is entitled to a theft loss deduction for 1968 under section 165; [1] (2) Whether respondent correctly determined that petitioner was entitled to the standard deduction of $500 in lieu of itemized deductions; (3) Whether petitioner is entitled to the "65 or over" exemption for his wife. FINDINGS OF FACT Some of the facts *106 have been stipulated and are found accordingly. Charles W. Jamieson (hereinafter referred to as petitioner), was a resident of Chicago, Illinois, at the time he filed the petition in this case. Petitioner filed his separate income tax return for 1968 with the district director of internal revenue in Kansas City, Missouri. Petitioner subsequently filed four amended returns for the taxable year 1968. During the taxable year 1968, petitioner was married to Louise Jamieson. She had gross income of her own in 1968 which she reported in her separate income tax return.She claimed the personal exemption for herself and the "65 or over" additional exemption. In his fourth amended return, petitioner claimed the "65 or over" additional exemption for his wife. Petitioner's return was filed using the cash receipts and disbursements method of accounting. Petitioner itemized deductions on his original Federal income tax return and all amended returns submitted for 1968. His deductions consisted of $90.53 medical expenses and $117.00 sales tax. In addition, petitioner claimed a $1,600 loss by theft. In connection with a lawsuit to recover the alleged theft loss, petitioner incurred legal *107 fees of $100 in the year 1968. Petitioner also incurred court costs of $97.12 in 1968.
The fact situation which gave rise to the alleged theft loss occurred in 1966. Petitioner leased a safe deposit box from the American National Safe Deposit Company (hereinafter referred to as American), Chicago, Illinois. Petitioner used this box to secure money and other valuables. On July 5, 1966, petitioner opened the safe deposit box to retrieve a bundle purported to contain $1,600 in cash which he had placed there the previous month. Upon opening the box he discovered the bundle was missing and immediately reported this fact to the management of American. A bundle containing $1,460 in cash was tendered to petitioner and he was asked to sign a receipt. Petitioner stated that the bundle should contain $1,600 and endorsed the receipt "This is not and is not to be construed as a release. Jamieson." The management of American then refused to release the $1,460 without an unconditional receipt and petitioner left without the money. Subsequently, petitioner filed suit against American and others seeking recovery of $1,600 plus $65,000 in damages alleging in his petition that conspirators had *108 stolen the money from his safe deposit box. This litigation was terminated in 1972 with petitioner recovering only the $1,460 originally tendered. OPINION The issues are: (1) Whether petitioner is entitled to a theft loss deduction for 1968 under section 165; (2) Whether respondent correctly determined that petitioner was entitled to the standard deduction of $500 in lieu of itemized deductions; (3) Whether petitioner is entitled to the "65 or over" exemption for his wife. The Theft Loss Section 165(a)[2] allows a deduction for any loss sustained during the taxable year. The deduction is limited by section 165(c) (3)[3] *110 to the amount of loss in excess of $100. A theft loss is to be treated as sustained during the taxable year in which the taxpayer discovers the loss. Section 165(e). [4] Petitioner's alleged theft loss was discovered in 1966 and must be deducted in such year unless section 1.165-1(d) (3), Income Tax Regs., applies to require a delay of the theft loss deduction until the taxable year in which it is ascertained whether or not reimbursement will be received. Ramsay Scarlett & Co., 61 T.C. 795 (1974), on appeal (C.A. 4, June 6, 1974). Section 1.165-1(d) (3), Income Tax Regs., *109 would apply if, when petitioner filed suit to recover his alleged theft loss, there was a reasonable prospect for recovery. Assuming arguendo that a reasonable prospect for recovery existed in 1966, the petitioner would not be entitled to a deduction in 1968 because there is no evidence that it was ascertained in 1968 whether or not reimbursement would be received. In fact, the litigation over the matter was not settled until 1972. Petitioner has the burden to show that he sustained a loss in the year at issue. Emanuel M. Skolnik, 55 T.C. 1055 (1971). He has failed to meet this burden, and we therefore hold that petitioner sustained no deductible loss in 1968. The Standard Deduction Respondent allowed petitioner a $500 standard deduction for 1968 based on his determination that petitioner did not incur deductible expenses in excess of that amount. This determination is presumed correct and petitioner has the burden to establish that he incurred additional expenses. Welch v. Helvering, 290 U.S. 111 (1933). Petitioner contends that he should be allowed to deduct legal expenses incurred in his attempt to recoup his alleged theft loss. Respondent contends that legal fees to recover a theft loss are not deductible. In the alternative, respondent contends that petitioner's claimed expenses were primarily incurred in an attempt to collect damages, not to recover a theft loss, and should be deductible only to the extent they represent an attempt to recover a theft loss. We need not decide these issues since only $197.12 of the $487 claimed *111 by petitioner as legal expenses was incurred during 1968. Petitioner's use of the cash method of reporting precludes him from deducting in 1968 any expenses incurred in other years. Section 1.461-1(a) (1) and section 1.461-1(a) (3) (i), Income Tax Regs. Assuming arguendo that the $197.12 legal fees and court costs incurred in 1968 are deductible, petitioner would still have allowable expenses totalling less than $500 as follows: Sales tax
$117.00
Medical
90.53
Legal fees
100.00
Court costs
97.12
$404.65
The maximum possible deductions being less than the standard deduction, we hold that respondent's determination is correct. The "65 or over" Exemption for Petitioner's Wife A taxpayer can take only such exemptions and deductions as are allowed by statute. Royer's, Inc. v. United States, 265 F.2d 615 (1959). Section 151(b)[5] allows an exemption for a taxpayer's spouse if (1) the taxpayer is filing a separate return; and (2) if the spouse had no gross income during the taxable year. An additional exemption is allowed by section 151(c) (2)[6] if, in addition to the above requirements, the spouse is 65 or over.Louise Jamieson filed a separate tax return for 1968 in which she reported gross income *112 and claimed both the "regular" and "65 or over" exemption for herself. Petitioner is thus not entitled to any deduction for his wife under section 151(b) or section 151(c). Section 151(e)[7] authorizes an exemption for a dependent as defined in section 152. Petitioner cites numerous cases to the effect that a man's wife is his dependent. We do not find these *113 cases controlling in light of the language of section 152(a) (9) [8] *114 which clearly shows that Congress intended to exclude a spouse from the statutory definition of "dependent" for purposes of an exemption under section 151(e). Congress provided for the wife's exemption in section 151(b) and we have already concluded that petitioner is not entitled to an exemption under that section. Dewsbury v. United States, 146 F. Supp. 467 (1956). We hold that petitioner is not entitled to an exemption for his wife for taxable year 1968. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise indicated. ↩
2. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. ↩
3. SEC. 165(c). Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * * (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. * * * 4. SEC. 165(e)↩. Theft Losses. - For purposes of subsection (a), any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss. 5. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (b) Taxpayer and Spouse. - An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer. ↩
6. SEC. 151(c). Additional Exemption for Taxpayer or Spouse Aged 65 or More. - * * * (2) For Spouse. - An additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse has attained the age of 65 before the close of such taxable year, and, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer. ↩
7. SEC. 151(e). Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - ↩
8. SEC. 152. DEPENDENT DEFINED.
(a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): * * * (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, or